

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

NAUH AGUIRRE, *individually and on behalf of others similarly situated,*

                        *Plaintiff,*

          -against-

LIBRETTO'S ON 3RD AVENUE, INC.,
(d/b/a LIBRETTO'S PIZZERIA) and
MICHAEL LIBRETTO,
                      *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Nauh Aguirre ("Aguirre"), individually and on behalf of others similarly situated ("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against defendants Libretto's on 3rd Avenue, Inc. (d/b/a Libretto's Pizzeria) and Michael Libretto (collectively the "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff Aguirre was an employee of Libretto's on 3rd Avenue, Inc. ("Defendant Corporation") and Michael Libretto.

2.    Defendants own, operate, and/or control a Pizza parlor located at 546 Third Avenue, New York, New York 10016 under the name "Libretto's Pizzeria".

3. Upon information and belief, defendant Michael Libretto serves or served as owner, manager, principal or agent of defendant Libretto's on 3rd Avenue, Inc., and, upon information and belief, this corporate entity operates or operated the restaurant known as "Libretto's Pizzeria" as a joint or unified enterprise.

4. Plaintiff Aguirre was employed to work as a Salad preparer and dishwasher.

5. Mr. Aguirre worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

6. Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Mr. Aguirre appropriately for any hours worked over 40.

7. Further, Defendants failed to pay Mr. Aguirre the required "spread of hours" pay for any day in which he worked over 10 hours.

8. Defendants' conduct extends beyond Mr. Aguirre to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Mr. Aguirre and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Mr. Aguirre brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*; the New York Labor Law (NYLL) §§ 650 et seq. and regulations, 12 N.Y.C.R.R. § 142-2.2); for violations of NYLL Article 6; and for applicable liquidated damages, interest, attorneys' fees, and costs.

10. Mr. Aguirre seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Mr. Aguirre was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Nauh Aguirre*

13. Mr. Aguirre is an adult individual residing in New York County, New York.

14. Mr. Aguirre was employed by the Defendants from 2006 to January 31, 2014.

15. Mr. Aguirre consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

16. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Pizza parlor located at 546 Third Avenue, New York, NY 10016, under the name "Libretto's Pizzeria".

17. Upon information and belief, Libretto's on 3rd Avenue, Inc., is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 546 Third Avenue, New York, New York 10016.

18.     Defendant Michael Libretto is an individual engaging in business in this judicial district during the relevant time period. Defendant Michael Libretto is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation. Upon information and belief, Defendant Michael Libretto possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Mr. Aguirre, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19.     As alleged above, Defendants operate a Pizza parlor located in Manhattan's Murray Hill neighborhood.

20.     Defendants maintain as their principal place of business a centralized office which is also the location of the pizza parlor.

21.     Upon information and belief, the Defendant Michael Libretto possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and controlled significant functions of the Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possesses substantial control over Mr. Aguirre's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Mr. Aguirre, and all similarly situated individuals referred to herein.

24.     Defendants jointly employed Mr. Aguirre, and all similarly situated individuals, and were his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25.     In the alternative, the Defendants constitute a single employer of Mr. Aguirre and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant Michael Libretto operates the Defendant Corporation as either an alter ego of himself, and/or fail to operate the Defendant Corporation as an entity legally separate and apart from himself by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

   b. defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating Defendant Corporation for his own benefit as the sole or majority shareholder;

   e. operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

   f. intermingling assets and debts of his own with Defendant Corporation; and

   g. other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Mr. Aguirre's employers within the meaning of the FLSA and NYLL.  Defendants had the power to hire and fire Mr. Aguirre, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his services.

28.     In each year from 2007 to the present, the Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, the Defendants and/or his enterprise were directly engaged in interstate commerce.  For example, numerous items that were used in the pizza parlor on a daily basis, such as olive oil and meat, were produced outside of the State of New York.

*Plaintiff Nauh Aguirre*

30.     Mr. Aguirre is a former employee of defendants, primarily employed in performing the duties of a salad preparer and dishwasher.

31.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b)

32.     Plaintiff Aguirre was employed by Defendants from approximately 2006 to January 31, 2014.

33.     At all times relevant to this complaint, Mr. Aguirre was an employee of Defendants employed to work as a Salad preparer and dishwasher.

34.     Mr. Aguirre's work duties required neither discretion nor independent judgment.

35.     Mr. Aguirre regularly handled goods in interstate commerce, such as produce, olive oil, fish and other supplies produced outside of the State of New York.

36. Throughout his employment with Defendants, Plaintiff Aguirre regularly worked in excess of 40 hours per week.

37. From approximately February 2008 until on or about June 2013, Mr. Aguirre worked from 12:00 p.m. to approximately 11:30 p.m., on Mondays and Fridays, from 2:00 p.m. to approximately 10:00 p.m. on Tuesdays and Wednesdays, from 1:00 p.m. to approximately 10:00 p.m. on Thursdays and from 11:00 a.m. to approximately 10:30 p.m. on Sundays (typically 58.5 hours per week).

38. From approximately June 2013 to January 31, 2014, Plaintiff Aguirre worked from 12:00 p.m. to approximately 10:30 p.m., on Mondays, from 3:00 p.m. to approximately 10:00 p.m. on Tuesdays and Wednesdays, from 1:00 p.m. to approximately 10:00 p.m. on Thursdays, from 12:00 p.m. to 11:30 P.m. on Fridays and from 11:00 a.m. to approximately 10:30 p.m. on Sundays (typically 55.5 hours per week).

39. Throughout his employment with defendants, Plaintiff Aguirre was paid his wages in cash.

40. From February 2008 until June 2013, Defendants paid Plaintiff Aguirre a fixed salary of $560 per week.

41. From June 2013 to January 31, 2014, Defendants paid Plaintiff Aguirre a fixed salary of $536 per week.

42. Defendants only provided Mr. Aguirre with a 30-minute break period each day.

43. Plaintiff Aguirre was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

44. Defendants did not provide Plaintiff Aguirre with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aguirre regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide any notice to Plaintiff Aguirre, in English and in Spanish (Plaintiff Aguirre's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Mr. Aguirre and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation and "spread of hours" pay, as required by federal and state laws.

48. Defendants have not paid Mr. Aguirre and similarly situated employees for their overtime pay, or spread-of-hours pay.

49. Defendants have failed to post required wage and hour posters in the workplace, and have not provided Mr. Aguirre and all similarly situated employees with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of the employees' relative lack of sophistication in wage and hour laws.

50. Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51.     Defendants have not provided Mr. Aguirre and all similarly situated employees with any document or other statement accurately accounting for their actual hours worked and setting forth the minimum wage rate and overtime wage.

52.     Mr. Aguirre and all similarly situated employees were paid their wages in cash.

53.     Upon information and belief, this was done to disguise the actual number of hours the employees worked, and to avoid paying them properly for (1) their full hours worked, and (2) overtime due.

54.     Mr. Aguirre's experience is representative of all those who were similarly situated, who have worked for the Defendants, who were paid in cash and never received any document or statement that stated the rate of pay or actual number of hours worked.

55.     Defendants have failed to provide Plaintiff Aguirre and other employees with wage statements, at the time of each payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

56.     Defendants have failed to provide Plaintiff Aguirre and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FLSA COLLECTIVE ACTION CLAIMS

57.     Mr. Aguirre brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58.     At all relevant times, Mr. Aguirre and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime, and willfully failing to keep records required by the FLSA.

59.     The claims of Mr. Aguirre stated herein are similar to those of the other similarly situated employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

60.     Mr. Aguirre repeats and re-alleges all paragraphs above as though fully set forth herein.

61.     Defendants, in violation of 29 U.S.C. § 207(a)(1) of the FLSA, failed to pay Mr. Aguirre and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

62.     Defendants' failure to pay Mr. Aguirre and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

63.     Mr. Aguirre and the FLSA class members have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

64.     Mr. Aguirre repeats and re-alleges all paragraphs above as though fully set forth herein.

65.     Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Mr. Aguirre overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

66.     Defendants' failure to pay Mr. Aguirre overtime compensation was willful within the meaning of NYLL § 663.

67.     Mr. Aguirre has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

68.     Mr. Aguirre repeats and realleges all paragraphs above as though fully set forth

herein.

69. Defendants failed to pay Mr. Aguirre one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mr. Aguirre' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4(a) (2009).

70. Defendants' failure to pay Mr. Aguirre an additional hour's pay for each day Mr. Aguirre' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

71. Mr. Aguirre has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

72. Mr. Aguirre repeats and re-alleges all paragraphs above as though fully set forth herein.

73. Defendants failed to provide Mr. Aguirre with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74. Defendants are liable to Mr. Aguirre in the amount of $2,500, together with costs and attorneys fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

75. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

76. Defendants did not provide Mr. Aguirre with a wage statement with each payment of wages, as required by NYLL 195(3).

77. Defendants are liable to Mr. Aguirre in the amount of $2,500, together with costs and attorneys fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Aguirre respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Mr. Aguirre and the FLSA class members;

(c)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Mr. Aguirre' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Mr. Aguirre and the FLSA class members;

(e)     Awarding Mr. Aguirre and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Mr. Aguirre and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants have violated the minimum wage provisions of, and

rules and orders promulgated under, the NYLL;

(h) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(i) Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations;

(j) Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Mr. Aguirre' compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the NYLL were willful;

(l) Declaring that Defendants have violated the provisions of section 191 of the NYLL;

(m) Awarding Mr. Aguirre damages under the NYLL for the amount of unpaid minimum and overtime wages as well as damages for violations of section 191 of the NYLL;

(n) Awarding Mr. Aguirre liquidated damages in an amount equal to one hundred percent (100%) of the total amount of compensation due minimum wage and overtime compensation shown pursuant to NYLL § 663 and 198-d;

(o) Awarding Mr. Aguirre and the FLSA class members prejudgment interest and the expenses incurred in this action, including costs and attorneys' fees, as provided by the FLSA and the NYLL;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (q)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 4, 2014

By: _____
    Michael Faillace

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*